**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 6:15-cv-601-Orl-37TBS

BRUCE E. KNIGHTS,

        Defendant.

**ORDER**

This cause is before the Court on the Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 10), filed December 21, 2015.

**OVERVIEW**

On April 14, 2015, Plaintiff initiated this student loan collection action against Defendant Bruce E. Knights to recover $7,136.68 in principal, $3,195.42 in pre-judgment interest, attorney fees, and costs related to three defaulted promissory notes ("**Notes**") that were guaranteed by the U.S. Department of Education ("**Department**"). (Docs. 1, 1-1.) Proceeding *pro se*, Defendant filed an Answer admitting that he has an "account" with the Plaintiff, but alleging that he is entitled to a discharge of the account because he is an "honorably discharged veteran who is totally and permanently disabled." (Doc. 4.) In support of his discharge defense, Defendant submitted a copy of his May 2, 2015 request to the Department for discharge of his student loan debt ("**Discharge Application**"). (Doc. 4-1.)

Without addressing the Discharge Application, Plaintiff filed an unopposed motion for summary judgment ("**Initial Motion**"), which was supported by the following

exhibits: (1) illegible copies of promissory notes executed by Defendant ("**Notes**") (Doc. 6, pp. 10–15); (2) a Certificate of Indebtedness sworn to on November 4, 2014, by Department Loan Analyst Laura Bevan ("**Bevan Certificate**") (*id.* at 6); (3) the sworn declaration of attorney Steven M. Davis ("**Davis Declaration**") (*id.* at 7–8); and (4) an invoice for service of process on Defendant in this action ("**Invoice**") (*id.* at 9). Because Plaintiff had not submitted legible copies of the Notes and it failed to address the Discharge Application, the Court denied the Initial Motion with leave to reassert (Doc. 9) in accordance with the Report and Recommendation of U.S. Magistrate Judge Thomas B. Smith (Doc. 8)—which was not objected to by Plaintiff. Plaintiff then filed a second Motion for Summary Judgment ("**Renewed Motion**"). (Doc. 10.) Defendant did not file a response in opposition to the Renewed Motion, and the time for filing a response has expired.

## STANDARDS

Federal Rule of Civil Procedure 56 provides for entry of summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). An issue of fact that might affect the outcome of the case is "material," and such issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *See Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). The "mere fact" that a summary judgment motion is "unopposed" is not a proper basis for entry of summary judgment. *U.S. v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Rather, Eleventh Circuit Court of Appeals requires that district courts "consider the merits of the motion" and review the evidence submitted in support of the motion. *See*

*id.* at 1101-02. If the evidentiary materials submitted with the unopposed motion are deficient, the Court must deny the motion. *Id.* at 1103.

## DISCUSSION

Even though the Court previously held that the Initial Motion and supporting exhibits were insufficient to support entry of summary judgment (Docs. 8, 9), Plaintiff's Renewed Motion is largely identical to the Initial Motion. (*Compare* Doc. 10, *with* Doc. 6.) The Renewed Motion again relies on the Bevan Certificate, Davis Declaration, and Invoice, but provides better-quality copies of the Notes.[1] (*See* Doc. 10, pp. 6–9.) Like the Initial Motion, the Renewed Motion also fails to address Defendant's allegations that he is entitled to and has sought discharge of the student loans at issue in this action. (*See* Docs. 6, 10.) Accordingly, the Renewed Motion is again due to be denied. Plaintiff will be afforded one more opportunity to file a properly-supported motion for summary judgment that addresses all pertinent issues—including whether Defendant is entitled to discharge of his debt pursuant to 20 U.S.C. § 1087(a).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 10) is **DENIED WITH LEAVE TO REASSERT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 28, 2016.

---

[1] Plaintiff also submitted a "Statement of Material Facts Pursuant to Local Rule 7.5" (Doc. 10, pp. 16–17.) This Court's Local Rules do not include a Rule 7.5, and Rule 7.05 is concerned only with admiralty and maritime cases.  The Court's Local Rule concerning motion practice—Local Rule 3.01—includes no reference to a "Statement of Material Facts."

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Defendant